Matteson, J.
 

 This is an appeal from the decree of the Court of Probate of Burrillville, allowing and setting off to Rachel M. Smith certain real estate of her deceased husband, to hold in addition to her dower.
 

 The statement of facts shows that Samuel Smith died at Bur-rillville, July 8, 1876, intestate, leaving no children, or their descendants ; that the appellee, Rachel M. Smith, is his widow;
 
 *461
 
 that for ten years before bis death be was helpless, and was mostly taken care of by her; that she was appointed admin-istratrix of his estate, August 26, 1876; that at his death he was possessed of personal estate, as shown by the inventory returned, .of the value of $2,514.15, and was the owner of real estate of the value of $8,600 ; that Mowry Smith, the appellant, is his sole heir at law ; that October 6, 1877, in accordance with the demand in writing of the appellee, dated September 10, 1877, he, as such heir, assigned to her in writing, under his hand, her reasonable dower in the estate of her husband; that thereupon she entered into possession of the estate so assigned, and has continued to occupy it, without notifying him that she was dissatisfied therewith; that February 23, 1878, she presented an application in writing to the Court of Probate, under Gen. Stat. R. I. cap. 174, § 4, to set off to her other portions of the real estate of her deceased husband, upon which, after due notice and hearing, the court, on April 27, 1878, made the decree appealed from; that at the time this decree was passed, the appellant gave notice to the Court of Probate that he, and others whom he named, held claims against the estate amounting in the aggregate to $4,568.11; that the administratrix disputes the validity of these claims; that she has paid claims against the estáte to the amount of about $200, and is ready to pay all other claims against it, amounting to $27.50, on demand; that articles appraised in the inventory at $85 were allowed to the appellee by the Court of Probate.
 

 Gen. Stat. R. I. cap. 174, § 4, provides that “if there be no children of the deceased person, or their descendants, living at the time of the decease, the said Court of Probate shall also allow and set off to the widow such portion of the real estate of her deceased husband which shall not be required for the payment of debts, as may be suitable for her situation and support, and be in accordance with the circumstances of the estate; and such widow shall hold such real estate in addition to her dower, upon the same terms and conditions, and for the same period, as she holds her estate of dower.”
 

 The appellant contends that the Court of Probate of Burrill-ville had no jurisdiction to make the decree appealed from, because the personal estate in the hands of the administratrix being
 
 *462
 
 insufficient for tbe payment of tbe disputed claims, the real estate, exclusive of tbe widow’s dower, may all be required for the payment of debts and tbe expenses of administration. He .argues that a Court of Probate cannot set off to the widow, any portion of the real estate of her deceased husband, except such as is not required for the payment of debts; that as a Court of Probate has no power to a.djudicate upon disputed claims, the amount of indebtedness cannot be ascertained till the judgment of some competent tribunal has settled the amount due; that till this has been done a Court of Probate cannot know that the real estate will not be required to pay debts, and therefore cannot make the set-off contemplated by the statute, and any attempt to do so is premature and void.
 

 We do not feel inclined to take this view of the statute, which would manifestly work great hardship to the widow. Years would frequently elapse before a final judgment could be obtained settling the amount of a disputed claim. In the mean time the estate would remain in the possession and enjoyment of the heir, who would, for that reason, have a strong inducement to delay, as long as possible, the determination of the controversy, and the widow would be without support. We think that the Court of Probate, though not having power to adjudicate upon disputed claims to the extent of finally determining their amount, may, nevertheless, so far examine and pass upon them as to determine whether or not the amount due upon them is such that the real estate proposed to be set off will probably be needed for their payment, and to allow and set it off to the widow, or to decline to do so, accordingly. Should the Court of Probate err, the party aggrieved has a remedy by appeal to this court.
 

 As the estate of the widow in the lands set off is merely a life estate, the fee remains to be sold for the payment of debts, if required.
 

 The appellant also contends that the appellee is' estopped from prosecuting this application because of her acceptance, without objection, of the estate assigned to her as dower, which assignment was in full discharge of any claim for dower in her husband’s estate.
 

 There is nothing in the statement of facts to show that the appellant was induced to make the assignment of dower by any
 
 *463
 
 representation of the appellee, that she would not apply to have other portions of tbe real estate set off to her in addition to sucb dower, or that tbe estate assigned is of greater value than she is fairly entitled toas dower. We do not think that the acceptance of the estate assigned as dower
 
 in discharge of her claim for dower
 
 estops her from applying for other portions of the estate to be set off to her
 
 in addition to dower.
 

 Ziba 0. Slocum,
 
 for appellant.
 

 B. N. $ S. S. Lapham,
 
 for appellee.
 

 (Jase reserved for further hearing.